UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEAN ELIOBERT JASME,

        Petitioner,

v.                                       Case No. 24-cv-0905-bhl

DALE J. SCHMIDT,[1] Sheriff,
Dodge County Detention Facility,

        Respondent.

## SCREENING ORDER

On July 18, 2024, Jean Eliobert Jasme, a federal pre-trial detainee at Dodge County Detention Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee that same day. (ECF No. 1.) The case was originally assigned to Judge Joseph P. Stadtmueller but was reassigned to this Court on July 30, 2024. Jasme's petition is ready for screening.

### SCREENING THE PETITION

Jasme filed his petition under Section 2241. Under Rule 1(b) of the Rules Governing Section 2254 Cases, the Court can apply the rules applicable to Section 2254 cases to petitions filed under Section 2241 as well. *See also* Civ. L.R. 9(a)(2) ("The Court may apply any of the Rules Governing 28 U.S.C. §2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. §2241."). Rule 4 provides for the screening of a habeas petition:

---

[1] Pursuant to 28 U.S.C. § 2242, a person who files a § 2241 petition must name as respondent "the person who has custody over him." Here, that person is Dale J. Schmidt, Sheriff of Dodge County and the custodian of the Dodge County Detention Facility where Jasme is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) ("generally only one proper respondent to a given prisoner's habeas petition"); *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Jasme's petition names a number of respondents including the Drug Enforcement Agency, United States Marshals, United States Prosecutor and Facility Director Scott Smith. These are not the appropriate respondents. As noted, the proper respondent is Dale J. Schmidt. Accordingly, the Clerk of Court is directed to substitute Dale J. Schmidt, Sheriff of Dodge County, as the respondent. All other named respondents are dismissed.

> If it plainly appears from the petition and any attached exhibits that
> the petitioner is not entitled to relief in the district court, the judge
> must dismiss the petition and direct the clerk to notify the petitioner.
> If the petition is not dismissed, the judge must order the respondent
> to file an answer, motion, or other response within a fixed time, or
> to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted.

## PETITIONER'S ALLEGATIONS

Jasme acknowledges that he is a pretrial detainee awaiting trial on criminal charges, pending before this same court. (ECF No. 1 at 1.) In his petition, Jasme states that he is "challenging his pretrial detention" and intends to "establish the proof required to show that the Drug Enforcement Agency . . . violated international law." (ECF No. 1 at 2.) In a letter docketed on August 26, 2024, Jasme reports that "after doing more legal research I have found that filing a habeas corpus petition may not be appropriate at this time." (ECF No. 6.) Because Jasme is correct that his habeas petition is misplaced, Court will dismiss it without prejudice.

## ANALYSIS

Section 2241 is not a proper avenue of relief for a federal prisoner awaiting federal trial. To be eligible for habeas corpus relief under Section 2241, a federal pretrial detainee must first exhaust other available remedies. *See Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial."). In his petition, Jasme cites *Riggins v. United States*, 199 U.S. 547 (1905). In *Riggins*, the Supreme Court explained that a writ of habeas corpus should not issue for defendants subject to pending federal criminal proceedings "unless the court under whose warrant petitioner is held is without jurisdiction." *Id.* at 548. The Court further explained that the writ of habeas corpus "cannot be used merely to correct errors." *Id.*

Jasme does not (and indeed cannot plausibly) claim that this Court lacks jurisdiction with respect to his criminal charges (a motion to dismiss the superseding indictment is pending in the criminal matter) and he does not raise any rare and exceptional circumstances to warrant departing from the regular course of judicial procedure. Any claims Jasme is asserting in this civil habeas matter must be raised in his pending criminal case. If Jasme disagrees with the rulings in his

criminal case, he may, once those proceedings are concluded, appeal those rulings to Seventh Circuit Court of Appeals. The writ of habeas corpus "'should not do service for an appeal,'" and "'[t]his rule must be strictly observed if orderly appellate procedure is to be maintained.'" *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942)). The Court therefore will therefore deny Jasme's petition in light of Jasme's ongoing criminal proceedings pending in this Court.

Accordingly,

## Conclusion

**IT IS HEREBY ORDERED** that Jean Eliobert Jasme's petition pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 30, 2024.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge